### In re HOLED-TITE PACKING, Inc.
### Patent Appeal No. 3274.

Court of Customs and Patent Appeals.
April 16, 1934.

GARRETT, Associate Judge, dissenting.

———◆———

Stephen J. Cox, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application for the registration of a trade-mark used in the sale of egg-flats, packing sheets, holders, and wrappers. Afterwards this application was so amended as to substitute the word "cartons" for the word "holders." This mark, as shown by the application, consists of the compound word "Holed-Tite," arranged in a line of block letters and accompanied by a representation of a human hand holding an egg. The appellant states that it and its predecessors have been using this mark in their business since August 1, 1920. The Examiner required a disclaimer of the word "Holed-Tite," apart from the mark as shown.

The Examiner refused registration on the ground that the term "Holed-Tite" was simply a misspelling of "hold tight," and was descriptive. The Examiner's action also rested, to an extent, upon the failure of the applicant to comply with the Examiner's request for a disclaimer.

The Commissioner affirmed the decision of the Examiner. In doing so, the Commissioner called attention to the fact that the goods upon which the applicant uses its mark are used in the packing and shipment of eggs, and that in this use the eggs are held in such a position that the egg-flats may be said to hold tight the eggs which are being shipped. The Commissioner, therefore, concludes that the mark is descriptive, and will be so taken by the public where the mark is used.

We are in agreement with the views of the Commissioner in this respect. Whether these packing materials are used in direct contact with the eggs or not, they are used in the packing of the packages of eggs, and certainly the packer or purchaser of such eggs would associate the feature of holding the eggs tight with these packing materials. It does appear, in the case, that some parts of these packing materials are used, at times, to hold eggs which rest in concave-shaped depressions in sheets of the same.

In our opinion, the mark which is sought to be registered is either descriptive or misdescriptive, and, in either event, it ought not to be registered. In re International Resistance Co., 69 F.(2d) 566, 21 C. C. P. A. ——; In re Bonide Chemical Co., Inc., 46 F.(2d) 705, 18 C. C. P. A. 909; In re Brunswick-Balke-Collender Co., 56 F.(2d) 890, 19 C. C. P. A. 1055.

The fact that it is misspelled does not alter the case. Cluett, Peabody & Co. v. Wright, 46 F.(2d) 711, 18 C. C. P. A. 937.

Recent cases in which similar descriptive terms have been used, and in which registration has been refused, are In re Copperweld Steel Co., 62 F.(2d) 363, 20 C. C. P. A. 786; Barber-Colman Co. v. Overhead Door Corp.,

65 F.(2d) 147, 20 C. C. P. A. 1118; Rit Products Corp. v. Park & Tilford, 55 F.(2d) 436, 19 C. C. P. A. 940.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

GARRETT, Associate Judge, is of opinion that the word is suggestive only, and that registration should be permitted.

HATFIELD, Associate Judge, did not participate.